Roy R. Romer State Treasurer State Capitol Denver, Colorado 80203
Dear Mr. Romer:
I am writing in response to your letter dated February 2, 1981 in which you request an opinion concerning available insurance coverage for deposits of moneys in the State Compensation Insurance Fund. Your inquiry is directed to obtaining maximum insurance coverage by the Federal Deposit Insurance Corporation (F.D. I.C.) and the Federal Savings and Loan Insurance Corporation (F.S.L. I.C.) for State Compensation Insurance Fund moneys deposited with banks and savings and loan associations (sometimes referred to herein as "insured institutions").
QUESTION PRESENTED AND CONCLUSION
Your question is whether the maximum federal insurance coverage of $100,000 will be available for each deposit of moneys from the State Compensation Insurance Fund (also referred to herein as the "compensation fund") made with insured institutions.
 It is my opinion that the maximum federal insurance coverage of $100,000 will be available to an official custodian for each deposit of compensation fund moneys if no other moneys attributable to the Colorado Department of Labor and Employment are also deposited by the official custodian at that insured institution where the deposit of compensation fund moneys is made.
ANALYSIS
This office has previously discussed the availability of federal insurance coverage for deposits of state moneys in Colorado banks and savings and loan associations. A letter to you dated April 10, 1978 from Alan H. Friedman, first assistant attorney general, discussed federal insurance coverage available for deposits of state moneys in specified other accounts. The general principles discussed in that letter also apply to deposits of compensation fund moneys.
Each official custodian of moneys of a public unit, a term which includes the State of Colorado and any of its political subdivisions, is separately insured by either the F.S.L. I.C. or the F.D. I.C. up to $100,000 as to deposits of such moneys in a federally insured bank or savings and loan institution in Colorado. See 12 U.S.C. § 1728(d)(1)(ii), 1813(m)(1),1821(2)(A)(ii) (1980) and 12 C.F.R. 561.5 (1980). For purposes of federal insurance coverage, if the same person is official custodian for more than one public unit, he is separately insured to the maximum amount with respect to the aggregate amount of public funds held by him for each public unit
at an insured institution. See 12 C.F.R. 330.8 and564.8 (1980).
The applicable F.D. I.C. regulation provides that the term "public unit" includes any "principal department" of the state, subject to the following conditions:
 (1) The creation of which . . . department has been expressly authorized by State statute, (2) to which some functions of government have been delegated by State statute, and (3) to which funds have been allocated by statute or ordinance for its exclusive use and control. . . Excluded from the term are subordinate or nonautonomous divisions, agencies, or boards within principal departments.
12 C.F.R. 330.8(a)(6)(c) (1980). A substantially similar regulation applies to deposits of public funds made by official custodians with federal savings and loan associations.See 12 C.F.R. 561.5a and appendix to part 564, 12 C.F.R. (1980). These applicable provisions of law are discussed in more detail in Mr. Friedman's letter to you dated April 10, 1978.
Your letter raises the question whether moneys in the compensation fund will be aggregated for purposes of insurance coverage with any other state moneys deposited by an official custodian at each insured institution. It is therefore necessary to consider whether the compensation fund is properly attributable to a principal department of the State of Colorado, and if so, what that principal department is.
The State Compensation Insurance Fund is created by statute to be administered by the Division of the State Compensation Insurance Fund of the State Department of Labor and Employment. C.R.S. 1973, 8-54-101 and 102. The Department of Labor and Employment is created by C.R.S. 1973, 24-1-121 and is delegated various government functions. The compensation fund consists of all premiums received and paid into it for compensation insurance, all property and securities acquired by and through the use of fund moneys and all interest earned upon moneys belonging to the fund. C.R.S. 1973, 8-54-106 (1980 Supp.).
The state treasurer is made custodian of the fund by statute and is authorized to disburse money from the fund upon warrants drawn according to law upon vouchers issued by the Division of the State Compensation Insurance Fund upon order of the manager of the compensation fund. C.R.S. 1973, 8-54-121. The state treasurer is also authorized to invest compensation fund moneys which the State Industrial Commission determines are not needed for immediate use. C.R.S. 1973, 8-54-122 (1980 Supp.). The compensation fund exists "for the benefit of injured and the dependents of killed employees. . ." It is administered by the Division of the State Compensation Insurance Fund under the direction of the manager pursuant to rules and regulations and rates adopted by the Industrial Commission of Colorado. C.R.S. 1973, 8-54-102(1).
Applying the federal regulations discussed above, it is my opinion that compensation fund moneys are attributable to the Department of Labor and Employment, which satisfies the criteria for a principal department of the State of Colorado and may be considered a separate public unit for purposes of federal insurance coverage. While the Division of the State Compensation Insurance Fund meets some criteria of a principal department for purposes of the federal regulations, there remain questions whether the division is sufficiently autonomous to qualify as a separate public unit and whether it has exclusive control of funds allocated by statute. While I do not rule out the conclusion that the division may be a principal department, it is more prudent now to assume that deposits of the compensation fund may be aggregated for federal insurance purposes with other deposits attributable to the Department of Labor and Employment made by an official custodian at a particular insured institution.
As Mr. Friedman correctly stated in his letter of April 10, 1978, the controlling opinion on the application of federal insurance coverage in these matters would be that of the appropriate officials for the F.D. I.C. and F.S.L. I.C. Consequently, before you act upon the opinion expressed in this letter, you should seek a review of this response and your policy by the appropriate federal officials.
SUMMARY
In conclusion, it is my opinion that each deposit made by an official custodian of compensation fund moneys in time or savings accounts at insured institutions will be separately insured to a maximum of $100,000 if no other funds attributable to the State Department of Labor and Employment have been deposited by the custodian in that particular insured institution. This opinion is not determinative of the final result under federal law as interpreted by the appropriate representatives of the F.D. I.C. and F.S.L. I.C. Of course, if you have additional questions concerning the matter, please do not hesitate to contact this office.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC FUNDS TREASURER, STATE INSURANCE
12 U.S.C. § 1728(d)(1)(ii)12 U.S.C. § 1813(m)(1)12 U.S.C. § 1821(2)(A)(ii)12 C.F.R. 561.5 (1980)
C.R.S. 1973, 8-54-101
TREASURY, DEPT. OF All Other Areas
Each deposit made by an official custodian of compensation fund moneys in time or savings accounts at insured institutions will be separately insured to a maximum of $100,000 if no other funds attributable to the State Department of Labor and Employment have been deposited by the custodian in that particular insured institution. This opinion is not determinative of the final result under federal law as interpreted by the appropriate representatives of the F.D. I.C. and F.S.L. I.C.